[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10459
Non-Argument Calendar

_____

D. C. Docket No. 06-00392-CR-T-23-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARDO REINA-SALAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 6, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Bernardo Reina-Salas appeals the 97-month sentence imposed following his guilty plea to conspiring to possess and possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 app. U.S.C. §§ 1903(a), (g), (j)[1] and 21 U.S.C. § 960(b)(1)(B)(ii). Because Reina-Salas was only held responsible for the large quantity which he was personally transporting, the district court did not clearly err in denying him a mitigating role reduction. Accordingly, we **AFFIRM**.

## I. BACKGROUND

Reina-Salas was indicted on and pled guilty to one count of conspiracy to possess with intent to distribute cocaine, 46 App. U.S.C. §§ 1903(a), (g), (j) and 21 U.S.C. § 960(b)(1)(B)(ii), and one count of possession with intent to distribute cocaine, 46 app. U.S.C. §§ 1903(a), (g) and 21 U.S.C. § 960(b)(1)(B)(ii). According to the presentence investigation report ("PSI"), Reina-Salas and co-defendants Lino Jaime Holguin-Mero, Ronald Armando Lutin-Solis, Bernardo Reina-Salas, Jose Reina-Salas, and Jimmy Riasgos were manning a go-fast boat carrying 589 kilograms of cocaine when the boat was intercepted by the U.S.C.G. cutter *Boutwell*. When confronted by the *Boutwell*, the defendants began throwing bales of cocaine into the water and refused to comply with orders to stop.

---

[1] The appendix to Title 46 containing the subject provisions was repealed in 2006, and was reenacted as 46 U.S.C. §§ 70503, 70506, with no relevant changes.

Ultimately, the *Boutwell* employed its .50 caliber machine guns to disable the go-fast boat's engines. Holguin-Mero was the captain of the vessel and Lutin-Solis was the drug representative. The other co-defendants were crew members.

In the PSI, the probation officer recommended a base offense level of 38, U.S.S.G. § 2D1.1(a)(1), a two-level safety-valve reduction, U.S.S.G. § 2D1.1(b)(9), and a three-level acceptance of responsibility reduction, U.S.S.G. §§ 3E1.1(a),(b), for a total offense level of 33. Reina-Salas objected that he should have received a mitigating role reduction. The probation officer noted that Reina-Salas was only being held accountable for the drugs related to the venture with which he was personally involved, and that his role as a crew member did not warrant a role reduction.

At sentencing, Reina-Salas agreed with the facts as presented in the PSI. However, Reina-Salas argued that he was a typical crewman on the go-fast boat, and that he was similarly situated with the other crewmen on the boat, rather than the captain or drug representative. He asserted that he was an easily replaceable member of the conspiracy and that he was not essential to the trip. Reina-Salas argued that he was unsophisticated, had no financial stake in the drugs, and had no knowledge of where the drugs were going. The district court overruled the objection. The district court stated that the pertinent criminal activity was not the

3

enterprise as a whole, but only the activity of the go-fast boat. The district court observed that the captain of the boat and the drug owner's representative received an enhancement and that the crew members received no adjustment. The district court also observed that:

> And it has to be recognized that also in De Varon[2] is the concept often reiterated by the Circuit that quantity is a factor and can be at some unstated level determinative itself. I certainly have never tried to specify at what quantity and neither has anyone else. Suffice it to say that the quantities in De Varon were infinitesimal compared to the quantities we are dealing with here and similar boat cases. As I have tried to express it before, I think one way to say it is that when someone undertakes to transport on the high seas in a high-powered vessel ton quantities of high purity cocaine as part of an international conspiracy, and one draws the attention of a 358-foot Coast Guard cutter, a high-speed helicopter, and one has to have the engines blown off one's boat with a .50 caliber cannon, it is probably not the case that those persons that were doing that have done something minor, or have a minor role in doing the thing that they were doing.

R4 at 8 (footnote added). The district court further noted that "every case is entitled to be assessed on its own merits and we remain alert for those circumstances that might warrant that reduction at these quantities, if that is possible." Id. at 9.

The district court then granted the government's U.S.S.G. § 5K1.1 substantial assistance motion, reducing Reina-Salas's offense level to 30, and sentenced him to 97 months of imprisonment on each count, to run concurrently.

---

[2] United States v. De Varon, 175 F.3d 930 (11th Cir. 1999) (en banc).

4

## II. DISCUSSION

Reina-Salas argues on appeal that the district court improperly denied him a mitigating role adjustment because the district court failed to specifically compare his role to the other crew members, but instead denied him an adjustment based solely on the quantity of drugs involved, while failing to state the quantity of cocaine necessary to support such a decision. We review for clear error a district court's factual determination of a defendant's role in the offense. De Varon, 175 F.3d at 937 (citations omitted).

A defendant who is "plainly among the least culpable of those involved in the conduct of a group," and who has a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others" is entitled to a four-level reduction for his minimal role. See U.S.S.G. § 3B1.2(a), comment. (n.4). A defendant "who is less culpable than most other participants, but whose role could not be described as minimal" is entitled to a two-level reduction for his minor role. U.S.S.G. § 3B1.2(b), comment. (n.5). The defendant bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. De Varon, 175 F.3d at 939 (citation omitted).

The district court performs a two-prong test in making a mitigating role determination. "First and foremost, the district court must measure the defendant's

role against the relevant conduct for which [he] has been held accountable." Id. at 940. "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. "[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43. In addition, the quantity of drugs involved "is a material consideration in assessing a defendant's role in [his] relevant conduct." Id. at 943 (citation omitted).

On the second prong, the district court may compare the defendant's conduct to that of the other participants in the conduct for which the defendant was held accountable. Id. at 944. Even if a defendant can show that his role was less than that of other participants, this "may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id.

"In making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings." Id. at 939 (citation omitted). "So long as the district court's decision is supported

6

by the record and the court clearly resolves any *disputed* factual issues, a simple statement of the district court's conclusion is sufficient." Id. (citation omitted).

The district court did not clearly err in determining that Reina-Salas did not play a mitigating role in the offense. He was only held accountable for the 589 kilograms of cocaine he personally helped transport and there was no evidence or argument that his role was any less than the other members of his crew who did not receive role reductions or enhancements. See De Varon, 175 F.3d at 941-44. Indeed, Reina-Salas's arguments on appeal do not in any way attack the evidentiary underpinnings of the denial of a reduction, but only whether the district court explicitly compared him to his fellow crew members or stated exactly what quantity of drugs it considered necessary to deny a mitigating role reduction. Even if Reina-Salas's view of the sentencing hearing was correct, it would be of no concern; because there were no disputed facts and the record amply supports the denial of a mitigating role reduction, the district court was under no obligation to make any particular finding beyond the ultimate role determination. Id. at 939-40.

## III.  CONCLUSION

Reina-Salas has appealed his sentence, arguing that the district court erred in denying him a mitigating role reduction. After careful review of the record, we find that the district court did not err. Accordingly, we **AFFIRM.**